affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of ALBERT WILLIS, Respondent, against PETER TOWER and MOLLIE TOWER and ÆTNA CASUALTY & SURETY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employers and their insurance carrier have appealed from an award in claimant's favor. Claimant was employed on the country estate of Peter and Mollie Tower. His duties were those of a general handy man and his hours were from eight A. M. to four-thirty P. M., with a half-hour off for lunch. He worked under the supervision of a man named Sheehan, who was employed as the superintendent of the estate. On September 22, 1938, claimant reported for work and because a hurricane on the preceding day had blown down many trees and bushes he was directed to clean up the brush and cut the fallen trees. His superior directed him to use a block and tackle in connection with the work. The employers' block and tackle had been loaned to claimant a few days before. Sheehan ordered claimant to go to his farm in order to obtain the block and tackle. Sheehan drove claimant to his home for that purpose. After obtaining the block and tackle, Sheehan drove the car to a point several miles from the premises where claimant was employed. On the return journey the car left the road and claimant sustained the injuries for which the award was made. The proof shows that claimant was ordered to accompany Sheehan in the car and that he had no control over his movements. The evidence sustains the finding of the State Industrial Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of PEARL DORFMAN, Respondent, against GOTTFRIED OPPENHEIMER, INC., and THE ÆTNA CASUALTY & SURETY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and insurance carrier from an award by the State Industrial Board for death benefits payable to the widow and minor child of a deceased employee. The employer was engaged in the clothing business. Decedent was employed as a traveling salesman, and his territory included a part of the State of Kentucky. In connection with this work he was furnished a car by the employer. He had no specified or fixed hours of employment, and called upon customers at all hours. While traveling from Harlan, Ky., to the hamlet of Wallins Creek he was accosted and assaulted by one Orville Rice, and killed in the ensuing struggle. The sole question raised on appeal is whether decedent was engaged in the course of his employment at the time he was killed. Appellants argue that he was not so engaged, and was on a personal errand. The State Industrial Board has found as a fact that he was engaged in the regular course of his employment. There is substantial evidence to support such finding by way of inference at least. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of LILLIAN BUCHHOLTZ, Respondent, against AMERICAN TERMINAL WAREHOUSE CORP. and ÆTNA CASUALTY & SURETY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Decedent was employed as a watchman and policeman at an airplane factory. He died on August 15, 1938, a day when the temperature according to the public records ranged from seventy-six degrees to eighty degrees Fahrenheit, with humidity from eighty-three

to eighty-seven degrees. He stayed in a small frame building fifteen by twenty-five feet and eight feet high. The roof was black tar paper and a witness says that the temperature in the little building would be ten to fifteen degrees above that outside. He collapsed about four-thirty o'clock in the afternoon, was flushed, vomited frequently, suffered from headache and diarrhea. The lay and medical evidence sustains the finding that he died of heat prostration. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.